UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CWS Investments, Inc., <br><br> Plaintiff, <br><br> -v- <br><br> Robert M. Manners, <br><br> Defendant. | 2:23-cv-2188 <br> (NJC) (JMW) |

### MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On March 21, 2023, Plaintiff CWS Investments, Inc. ("CWS") brought this action against Defendant Robert M. Manners ("Manners") under New York Real Property Actions and Proceedings Law Section 1301, N.Y. Real Prop. Acts. § 1301 *et seq.*, seeking to foreclose on the mortgage encumbering the property owned by Manners located at 64 Waterbury Lane, Westbury, NY 11590 (the "Property"). (Compl., ECF No. 1.)[1]

Manners filed his Answer on April 19, 2023. (Answer, ECF No. 9.) On May 24, 2023, Manners sought leave to amend his answer to "add and correct" defenses. (ECF No. 12.) On the same day, Magistrate Judge James M. Wicks, to whom this case is assigned for certain pretrial matters, directed Manners to "send the proposed amended Answer to Plaintiff's Counsel on or before June 9, 2023." (*Id.*) The deadline to move to amend the pleadings expired on August 18, 2023, and all discovery closed December 15, 2023. (ECF Nos. 13, 15.) Although Manners failed to move to amend his Answer during the time period in which he was permitted to do so, on July 16, 2024, during a

---

[1] The mortgage was originally held by a company named "MERS" and, following numerous assignments, was assigned to CWS on August 11, 2022. (Compl. ¶ 11.)

1

status conference before me, Manners indicated that he wished to amend his Answer to include the following affirmative defenses: (1) champerty under New York Judiciary Law § 489; and (2) bad faith under N.Y.C.P.L.R. § 3408, for CWS's purported "bad faith" during a settlement conference before Judge Wicks. (Min. Entry, July 16, 2024.) I informed Manners that I did not see good cause to amend under Rule 16 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Min. Entry, Aug. 16, 2024.) I specifically cited Manners' failure to follow Judge Wicks' May 24, 2023 order instructing Manners to provide his proposed amended Answer to CWS by June 9, 2023, as well as case law holding that N.Y.C.P.L.R. § 3408 is a state court procedural law that is categorically unavailable in federal court. Min. Entry, Aug. 16, 2024; *see also Gustavia Home, LLC v. Nunu*, No. 16-cv-3989, 2018 WL 4006881, at *6 (E.D.N.Y. June 29, 2018) ("CPLR § 3408 . . . is not a legal defense to a foreclosure action brought in federal court."). Nevertheless, in an abundance of caution, I permitted Manners to file a motion to amend with respect to *those two affirmative defenses only*. (Min. Entry, Aug. 16, 2024.)

Before me now is Manners' Motion to Amend his Answer ("Motion"), in which Manners seeks to add the above referenced New York Judicial Law § 489 champerty and N.Y.C.P.L.R. § 3408 bad faith defenses, as well as an additional bad faith defense under Rule 16(f), Fed. R. Civ. P. (Mot. ECF No. 34.) Upon referral, on March 8, 2025, Judge Wicks issued a Report and Recommendation (the "R&R") recommending that the Motion be denied in its entirety. (R&R, ECF No. 42.) A copy of the R&R was provided to all counsel and parties. (*See* Elec. Order, Mar. 8, 2025.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days, i.e., by March 22, 2025. (*Id.*) On April 1, 2025, following the Court's grant of an extension, Manners filed his Objections to the R&R (the "Objections"). (Objections, ECF No. 44.)

2

**LEGAL STANDARD**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and may "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco v. Jackson*, No. 10-cv-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010).

**DISCUSSION**

Having reviewed de novo the motion papers, the applicable law, the R&R, and Manners' Objections to the R&R, I adopt the thorough and well-reasoned R&R for the following reasons.

First, the Objections do not properly raise any issues with the R&R, but instead contain a list of numbered paragraphs, many of which enumerate purportedly "undisputed" factual assertions— akin to paragraphs in a statement of materials facts pursuant to Rule 56.1 of Local Rules of the Southern and Eastern Districts of New York. (*See, e.g.*, Objections ¶ 1 ("It has not been contradicted that the subject property of this action . . . has been the permanent residence of Defendant through the term of the subject mortgage . . ."); *id.* ¶ 2 ("This action commenced in 2023 with pleading amendments due that August."); *id.* ¶ 3 ("It is not disputed that later in Fall 2023 CSW [*sic*] instead sold the note to the current assignee Plaintiff, Millennium Trust."); *id.* ¶ 9 ("It is not disputed that Federal public policy since 2008 has been for mortgage lenders to work to avoid home foreclosure . . .").) Other paragraphs contain unsupported, and often wholly irrelevant, disputed

3

factual assertions and legal argument. (*See, e.g.*, *id.* ¶ 11 (asserting without citation that "Plaintiff's intent on noncompliance with said order can be inferred by said behavior together with its disclosure in depositions as to its business model . . ."); *id.* ¶ 15 (asserting without support that "while Plaintiff can show no prejudice in amendment, Defendant is prejudiced if it cannot present its entire case at the trial of this matter").) Such assertions are not "specific written objections to the proposed findings and recommendations" of the magistrate judge as required by Rule 72(b)(2), Fed. R. Civ. P. Accordingly, because Manners does not properly raise any objections, and because I find no clear error, I may adopt the R&R in full. *See* Fed. R. Civ. P. 72(b)(3) (providing that the "district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to" (emphasis added)).

Second, I have nevertheless conducted a de novo review and find no error in the R&R. Indeed, to the extent that Manners *does* properly raise any objections at all, Judge Wicks has thoroughly and correctly addressed them in the R&R. As to the proposed New York Judicial Law § 489 champerty and N.Y.C.P.L.R. § 3408 bad faith defenses, granting amendment to add such defenses would be inappropriate under Rule 15(a)(2), Fed. R. Civ. P. (R&R at 10–15.) Amendment at this stage to add these defenses would result in undue delay (including because the affirmative defense of champerty would require reopening discovery into CWS's state of mind) and, accordingly, would prejudice CWS. (*Id.*) Moreover, amendment would be futile because the record squarely contradicts Manners' claim that CWS purchased the mortgage solely for the purposes of litigation and because N.Y.C.P.L.R. § 3408 is not an available defense in federal court. (R&R at 15–19.) As to the proposed Rule 16(f) bad faith defense, I did not permit Manners to move to amend to add such a defense, and, as set forth in the R&R, amendment would be futile because the record does not support a finding of bad faith. (*Id.* at 19–21.) Finally, even assuming that good cause exists under Rule 16 due

4

to the fact that the supposed "bad faith" conduct Manners alleges occurred after the August 18, 2023 amendment deadline, Manners still fails to satisfy the Rule 15(a)(2) standard with respect to his proposed "bad faith" defenses, for the reasons stated above. (*Id.* at 21–23.)

Accordingly, the R&R is correct in its analysis and recommendation that I deny Manners' Motion.

## CONCLUSION

For the reasons set forth above, the R&R (ECF No. 42) is adopted in full and Manners' Motion to Amend (ECF No. 34) is denied.


Dated: Central Islip, New York
       August 15, 2025

                                                  /s Nusrat J. Choudhury
                                                  NUSRAT J. CHOUDHURY
                                                  United States District Judge